UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LEON PLEDGER, ) | |
|     PLAINTIFF, ) | |
| ) | |
| v. ) | CASE: |
| ) | |
| BAE SYSTEMS LAND & ) | |
| ARMAMENTS L.P., and GLASS, ) | |
| MOLDERS, PLASTICS & ALLIED ) | |
| WORKERS INTERNATIONAL UNION, ) | |
|     DEFENDANTS. ) | |

## COMPLAINT

**COMES NOW,** Plaintiff, LEON PLEDGER, by and through his attorneys of record and brings this action for damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. against BAE SYSTEMS LAND AND ARMAMENTS L.P. and GLASS MOLDERS, PLASTICS & ALLIED WORKERS INTERNATIONAL UNION, and in support thereof would show unto the Court the following matters and facts:

## PARTIES AND JURISDICTION

1. Plaintiff is a member of the African-American/black race and a citizen of the United States. Plaintiff is a former employee of BAE Systems Land and Armaments L.P. in Anniston, Alabama and was a resident of Lincoln, Alabama during the course of his employment.

1

2. Defendant, BAE Systems Land and Armaments L.P. ("BAE") is a global defense and security company that manufactures products and provides services for air, land, and naval forces. BAE operates industrial plants located in Anniston, Alabama and is subject to jurisdiction of this Court. BAE employs more than fifteen (15) employees and is an employer within the meaning of 42 U.S.C. § 2000e-(b).

3. Defendant, Glass Molders, Plastics & Allied Workers International Union ("the Union") is a labor union that represents BAE employees and formally represented Plaintiff while Plaintiff was employed at BAE. The Union is a labor organization within the meaning of 42 U.S.C. § 2000e-(d).

4. This is an action for damages based on unlawful employment practices committed by Defendants and this Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§ 1331 and 1343. Further, this Court has supplemental jurisdiction under 28 U.S.C § 1367.

## FACTUAL BACKGROUND

5. Plaintiff began working for BAE's industrial plant in Anniston, Alabama on July 29, 2019 as a Press Operator and became an Oiler on October 29, 2019.

6. During the course of Plaintiff's employment with BAE, BAE management consistently scheduled other employees to conduct Plaintiff's job roles and refused to schedule Plaintiff to work. Plaintiff hours and ability to earn

overtime hours were limited, including weekend hours in which employees earn one and a half times wages.  Plaintiff filed a grievance report in December of 2020 and another on February 11, 2021 regarding this issue, and there were no remedial measures taken by the Union or BAE management.

7. BAE's industrial plant is a highly secured and monitored facility in which access to employee work stations is highly restricted. The plant is also equipped with multiple security cameras throughout the facility.

8. On February 24, 2021, Plaintiff arrived at his work station where there was a noose made out of caution tape tied to Plaintiff's work buggy. Plaintiff reported this inherently discriminatory conduct, and there were no remedial measures taken by the Union or BAE management.

9.  On March 15, 2021, Plaintiff arrived at his work station where there was a Freemason symbol graffitied onto his work buggy.  Plaintiff reported this inherently discriminatory pronouncement, and there were no remedial measures taken by the Union or BAE management.  Plaintiff was forced to paint over the graffiti to cover it up.

10. On March 20, 2021, Plaintiff arrived at his work station where a large wooden block had been wedged under the tire of Plaintiff's work buggy.  The block was intentionally placed to cause the buggy to tip over once the buggy was driven and would likely have caused significant physical injuries to Plaintiff.

3

Plaintiff reported this incident, and there were no remedial measures taken by the Union or BAE management.

11. On March 25, 2021, Plaintiff filed another grievance report stating he did not feel safe at work and because he was repeatedly the subject of racial vandalism and harassment.

12. No steps were taken by the Union or BAE to stop the racial harassment, cure the hostile work environment, and/or ensure a safe working environment for Plaintiff and other black employees.

13. Upon information and belief, non-black, similarly situated employees were not subjected to the above-described harassment, discrimination, and denial of equal terms and conditions of employment.

14. Multiple black and non-black witnesses, including former and current BAE employees, have personally witnessed Plaintiff and other black employees being harassed and racially discriminated against. Many of said witnesses have also been personally harassed and racially discriminated against.

15. Because of the continuing discrimination and harassment, Plaintiff was forced to resign from BAE's employ. Defendant's actions constituted a constructive discharge.

16. Defendants' harassment, racial discrimination, and retaliation against Plaintiff is the direct and proximate cause of economical loss and other

4

damages suffered by Plaintiff. Said damages include, but are not limited to, loss of income, loss of employment opportunities, emotional pain and suffering, and psychological damages, and the severity of the damages is amplified by the repeated offenses and totality of the circumstances.

17. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 30, 2021 (Agency Charge No. 420-2021-02158). On March 7, 2022, the EEOC served a Determination of Charge and Notice of Right to Sue.

## COUNT I – RACIAL DISCRIMINATION

18. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of the Complaint.

19. Plaintiff is a black male and is therefore a member of a protected class.

20. A BAE employee tied a noose out of caution tape and attached it to Plaintiff's work buggy. Said action is a form of overt racism, discrimination, and harassment intended to degrade Plaintiff.

21. A BAE employee graffitied a Freemason symbol on Plaintiff's work buggy. Masonic groups in the south, and specifically Alabama, have a long history of segregation by which whites typically join one network of Masonic groups and blacks typically join another. It is common knowledge that many white-controlled Masonic groups in the south do not recognize black Masons as their

5

brothers, perceive black people as inferior, and practice strict segregation. Painting a Freemason symbol on Plaintiff's work buggy is a form of overt racism, discrimination, and harassment intended to degrade Plaintiff.

22. A BAE employee intentionally wedged a large wooden block under the tire of Plaintiff's work buggy in an attempt to cause Plaintiff's buggy to tip over once the buggy was driven and cause significant physical injuries to Plaintiff. This is another intentional act of harassment in a chain of acts that are racially motivated and intended to degrade Plaintiff.

23. BAE's acts of direct harassment and discrimination were performed intentionally with malice and reckless indifference to Plaintiff's protected civil rights.

24. Plaintiff sought to be treated the same way non-black employees were treated by co-workers, supervisors, management, and union representatives.

25. Said acts of harassment and discrimination toward Plaintiff were performed by employees and managers acting within the course and scope of employment with BAE, therefore, respondeat superior liability exists.

26. The foregoing acts and omissions by BAE were motivated because of Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42U.S.C. § 2000e-2 and were the direct and proximate cause of damages suffered by Plaintiff.

## COUNT II - HOSTILE WORK ENVIRONMENT

27. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of the Complaint.

28. Defendants' act of harassment and discrimination created a hostile and offensive working environment permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive that they negatively altered the conditions of Plaintiff's employment and interfered with Plaintiff's work performance.

29. Defendants failed to establish and maintain a harassment-free work environment.

30. Said acts of harassment and discrimination toward Plaintiff were performed by employees and managers acting within the course and scope of employment with BAE, therefore, respondeat superior liability exists.

31. The foregoing hostile work environment created and fostered by BAE was a direct and proximate cause of damages suffered by Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

## COUNT III – RETALIATION

32. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of the Complaint.

33. Plaintiff complained to his union representatives and BAE management about being harassed and discriminated against. Plaintiff filed a Charge of Discrimination with the EEOC on July 30, 2021.

34. In retaliation of Plaintiff's complaints, BAE committed additional acts of discrimination and harassment against Plaintiff, refused to take reasonable steps to prevent discriminatory conduct against Plaintiff and other black employees, and decreased Plaintiff's scheduled working hours.

35. Plaintiff was forced to leave BAE's employ and constructively discharged because of the continued discrimination.

36. The foregoing retaliation was a direct and proximate cause of damages suffered by Plaintiff and was in violation of Title VII of the Civil Rights Act of 1964.

## **COUNT IV - OUTRAGE / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

37. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of the Complaint.

38. Defendant intended to inflict emotion distress upon Plaintiff.

39. Defendant knew or should have known that emotional distress was likely to result from Defendant's conduct.

40. Defendant's conduct goes beyond all possible bounds of decency and was so outrageous in character that it is regarded as atrocious and intolerable in a civilized society.

41. Defendant's conduct caused emotional distress upon Plaintiff so severe that no person could be expected to endure it.

## COUNT V – NEGLIGENCE / UNION MISREPRESENTATION

42. Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs of the Complaint.

43. Defendants had a duty to take reasonable measures to establish and maintain a safe and harassment-free work environment for all employees.

44. Defendants had a duty to its employees to not discriminate against any employee with respect to employment, as BAE and the Union represent in its policies and the parties collective bargaining agreement.

45. The Union had a duty to represent all employees in good faith and without discrimination.

46. The Union had a duty to process and properly handle grievances filed by employees.

47. Defendants breached its duty by failing to take reasonable measures to establish and maintain a safe and harassment-free work environment for employees.

9

48. BAE breached its duty by overtly discriminating against Plaintiff.

49. Defendants breached its duty by failing and/or refusing to pursue Plaintiff's complaints. Defendants breached its duty by failing and/or refusing to pursue Plaintiff's complaints without offering valid reasons.

50. Defendants' breaches of duties owed to Plaintiff described above were the direct and proximate cause of damages suffered by Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays this Court:

a. To award him under Title VII all the pay and fringe benefits he lost as a result of the Defendants' unlawful discrimination against him;

b. To award him under Title VII compensatory and punitive damages;

c. To award him under 42 U.S.C. § 2000e-5(k) reasonable attorney's fees and costs of this action;

d. To award him such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues of this case.

Respectfully submitted,

Dated: June 5, 2022               _/s/ *Brandon J. Gilham*_____
                                  BRANDON J. GILHAM
                                  ASB-9584-U25U
                                  Attorney for Plaintiff

<u>OF COUNSEL:</u>
SCOZZARO LAW, LLC
P.O. Box 548
Helena, AL 35080
(205) 624-3367
scozzarolaw@gmail.com
brandonjgilham@gmail.com